IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| BARBARA KAY BERALDI, ) | |
| ) | CASE NO. BK16-81286 |
| Debtor(s). ) | A16-8057 |
| BARBARA KAY BERALDI, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| MIDLAND PROPERTIES, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on plaintiff-debtor's motion for summary judgment (Fil. No. 10). Keith M. Buzzard represents the debtor. No appearance has been made for the defendant. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This adversary proceeding was filed to recover certain pre-petition funds garnished from the debtor's wages pursuant to court order to satisfy a judgment owed to the defendant. Midland Properties, LLC, filed a lawsuit against the debtor in the County Court of Douglas County, Nebraska, on September 17, 2015. Default judgment was entered in favor of Midland Properties on February 16, 2016, in the principal amount of $5,750, at an interest rate of 2.51 percent, plus court costs of $84 and post-judgment costs of $23.64. A garnishment lien was entered in May 2016 and funds were withheld from the debtor's wages and paid into the court on a regular basis thereafter. Those funds were subsequently turned over to Midland Properties.

On August 24, 2016, the debtor filed a Chapter 7 bankruptcy petition. She then filed this adversary proceeding on December 2, 2016, seeking the return of certain of the garnished funds as preferential transfers. Service of process was made on the defendant's principal and on the attorney who represented the defendant in the county court case. No answer or other response has been filed. The debtor now moves for summary judgment and the recovery of the funds garnished by the defendant in the 90 days prior to the bankruptcy petition date, as well as her attorney fees and costs for this adversary proceeding.

Section 547(b) of the Bankruptcy Code, in conjunction with §§ 522(g) and (h), provides for a debtor to avoid pre-petition preferential transfers if (1) the property transferred would have been exempt; (2) the property was not transferred voluntarily; and (3) the trustee has not sought to bring

an avoidance action. *Pierce v. Collection Assocs., Inc. (In re Pierce)*, 504 B.R. 506, 509 (B.A.P. 8th Cir. 2013), *aff'd as modified*, 779 F.3d 814 (8th Cir. 2015).

> Any transfer of an interest of the debtor in property may be avoided as a preference if it was:
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>     (A) the case were a case under Chapter 7;
>     (B) the transfer had not been made; and
>     (C) such creditor received payments of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

In this case, the date 90 days prior to the petition date was May 25, 2016. According to the debtor's evidence, funds in the amount of $1,779.70 were garnished from the debtor and paid to the defendant during this period. The debtor contacted the attorney for the defendant numerous times to request the return of the funds, but no repayment has been forthcoming. It is worth noting that the defendant's own Chapter 11 bankruptcy case was dismissed in May 2016 for gross mismanagement and the unlikelihood of rehabilitation because it had transferred its assets to another entity, leaving it with no ability to pay its creditors under its confirmed plan.[1] The bankruptcy case of the successor entity, Midland Properties II, was also dismissed for cause because it had been filed in bad faith to hinder, delay, or defraud creditors.[2] Ultimately, sanctions were imposed against the successor entity, its sole and managing member, and their attorney.[3] Under the circumstances, the lack of a response to this adversary proceeding is not surprising.

The debtor has established the elements of §§ 547(b) and 522(g)(1). She is statutorily presumed to have been insolvent during the relevant time period[4], she claimed the garnished funds as exempt under Neb. Rev. Stat. § 25-1552 on her bankruptcy schedules, and there were no funds available for distribution to unsecured creditors.

---

[1] *See* the Order of June 29, 2016, in *Midland Properties II, LLC*, Case No. BK16-80487 (Fil. No. 59).

[2] *Id.*

[3] *Id.*

[4] 11 U.S.C. § 547(f).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

[I]f the moving party meets its burden, the party opposing the motion must establish a genuine factual issue. *Residential Funding Co. v. Terrace Mortg. Co.*, 725 F.3d 910, 915 (8th Cir. 2013). The party opposing the motion may not rest on mere allegations or pleading denials, *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010), or "merely point to unsupported self-serving allegations." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoted in *Residential Funding*, 725 F.3d at 915). Instead, the party opposing the motion must substantiate its allegations with admissible, probative evidence that would permit a finding in its favor on more than speculation or conjecture. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quoted in *Spaulding v. Conopco, Inc.*, 740 F.3d 1187, 1190-91 (8th Cir. 2014)); *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997) (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

*Hansmeier v. McDermott (In re Hansmeier)*, 558 B.R. 299, 302 n.7 (B.A.P. 8th Cir. 2016).

Because the defendant has not responded to the complaint or the motion, the court is left with no factual disputes to resolve. Accordingly, the debtor is entitled to summary judgment. In addition, the debtor has not cited authority for granting her request for payment of attorney's fees and expenses. Therefore, each party will be bear their own costs.

IT IS ORDERED: The plaintiff-debtor's motion for summary judgment (Fil. No. 10) is granted. Separate judgment will be entered.

DATED: February 3, 2017.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Keith M. Buzzard
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.